**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

JUAN ANGEL G.C.,

Petitioner,

v.

DAVID EASTERWOOD, in his official capacity as the St. Paul Field Office Director for U.S. Immigration and Customs Enforcement; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, in his official capacity as Secretary of the U.S. Department of Homeland Security; TODD BLANCHE, in his official capacity as Attorney General of the United States; and JOEL BROTT, in his official capacity as the Sheriff of Sherburne County, Minnesota,

Respondents.

Case No. 26-CV-4219 (NEB/JFD)

ORDER ON
PETITION FOR
WRIT OF HABEAS CORPUS

---

This matter is before the Court on Petitioner Juan Angel G.C.'s Petition for a Writ of Habeas Corpus. (ECF No. 1 ("Pet.").) Juan Angel G.C. is a citizen of Honduras who has lived in the United States since 2016 when he entered the country without inspection. (*Id.* ¶¶ 1–2.) He has a pending asylum application and no violent criminal history. (*Id.* ¶¶ 5, 42.)

In 2019, the Department of Homeland Security ("DHS") issued a Form I-220A Order of Release on Recognizance ("OREC") for Juan Angel G.C. (ECF No. 1-4.) The

OREC expressly provides that his release is pursuant to Section 236 of the Immigration and Nationality Act ("INA"), and cautions that violations of "any local, State, or Federal laws" may result in revocation of release. (*Id.* at 1.) Local police in Rosemount, Minnesota arrested Juan Angel G.C. for traffic violations on September 24, 2026. (Pet. ¶ 44.) On the same day, he was released from state custody, but Immigration and Customs Enforcement ("ICE") officers immediately placed him in ICE custody. (*Id.* ¶ 47.) Afterwards, Juan Angel G.C. filed this habeas action challenging his detention under 28 U.S.C. § 2241.

The central issue is whether the OREC was validly revoked under DHS policy.[1] Respondents have "immense discretion" to revoke a noncitizen's OREC. 8 C.F.R. §§ 236.1(c)(9), 1236.1(c)(9). But one of the DHS officials enumerated in Section 236.1(c)(9) must nevertheless *use* that discretion for an OREC to be validly revoked. *Yandri Joselito F.E. v. Blanche*, No. 26-CV-3835 (LMP/DTS), 2026 WL 2676764, at *2 (D. Minn. Sept. 11, 2026) (quoting *Sandhu v. Mullin*, No. 7:26-CV-5009, 2026 WL 1146643, at *4 (D. Neb. Apr. 28, 2026)). Respondents attempt to establish the OREC was validly revoked either by (1) Juan Angel G.C.'s traffic violations or (2) a Form I-200 arrest warrant. (ECF No. 6 ("Resp.") at 11–17, 28–30.) Neither establishes a valid revocation.

---

[1] Respondents once again raise the argument that the Seventh Circuit's *Arias* decision controls this petition. (Resp. at 3–7 (citing *Arias v. Rogers*, 676 F.2d 1139, 1143-44 (7th Cir. 1982).) As this Court has previously stated, *Arias* is not binding precedent because the District of Minnesota sits in the Eighth Circuit Court of Appeals, 28 U.S.C. § 41. *Anderlin A.P.M. v. Brott*, No. 26-CV-4118 (NEB/DLM) at 2 (D. Minn. Oct. 9, 2026) This Court still declines to adopt the *Arias* decision because "the weight of persuasive authority from this District supports that a habeas petitioner in removal proceedings may challenge an unlawful arrest, and release is the appropriate remedy." *Sorelys C.R.O. v. Blanche*, No. 26-CV-3859 (ECT/LIB), 2026 WL 2665657, at *2 (D. Minn. Sept. 10, 2026) (collecting cases).

Respondents argue that Juan Angel G.C. automatically revoked his own OREC by committing traffic violations. (*Id.*) The Court disagrees. The portion of the OREC Respondents point to states that violations *may* result in revocation, not that violations automatically will result in revocation. (ECF No. 1-4 at 1.) Juan Angel G.C.'s traffic violations did not revoke his OREC.

Respondents also seem to argue that a Form I-200 could evidence revocation of Juan Angel G.C.'s OREC. (Resp. at 11–17, 28–29.) But "Courts have thrown cold water" on Respondents' theory that a Form I-200 alone serves as a valid revocation of an OREC. *Yandri Joselito F.E.*, 2026 WL 2676764, at *2 (citing *Kevin J.R.M. v. Blanche*, No. 26-CV-3122 (KMM/JFD), No. 26-CV-03122 (KMM/JFD), ECF No. 13, at 15 (D. Minn. July 17, 2026), *report and recommendation adopted*, ECF No. 14 (D. Minn. Aug. 3, 2026). Consistent with these decisions, the Court declines to interpret the Form I-200 provided by Respondents as evidence of revocation. Section 236.1(c)(9) requires an enumerated DHS official to use discretion to validly revoke Juan Angel G.C.'s OREC, but none did.

An agency must follow its own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260, 268 (1954). When ICE re-detained Juan Angel G.C., they did not follow their procedures as outlined in 8 C.F.R. § 236.1(c)(9). Because ICE failed to comply with its own regulations, Petitioner's detention is unlawful, and immediate release is warranted.[2] *Yee S. v. Bondi*, 806 F. Supp. 3d 894, 902 (D. Minn. 2025); *Roble v. Bondi*, 803 F. Supp. 3d 766, 774 (D. Minn. 2025).

---

[2] Respondents argue that independent grounds for detention under 8 U.S.C. § 1225 prevent Juan Angel G.C.'s release. Yet Respondents did not detain Juan Angel G.C. under Section 1225 and have at all times purported to detain him under 8 U.S.C. § 1226. (ECF No. 7-4) Courts in this District have repeatedly rejected Respondents' argument that Section 1225 detention is justified where the Government's own records reflect detention

## CONCLUSION

Based on the foregoing and on all the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Petitioner Juan Angel G.C.'s Petition for a Writ of Habeas Corpus (ECF No. 1) is GRANTED;

2. Respondents are ORDERED to release Petitioner from custody by 4:00 PM on October 16, 2026, and he must be released:

   a. Inside the State of Minnesota;

   b. At a safe time and place communicated in advance to counsel: Magdalena B. Metelska; magdalena@metelskalaw.com; (612) 475 8800;

   c. With all Petitioner's personal effects in Respondents' possession, such as driver's license, immigration papers, passport, cell phone, and keys; and

3. Respondents are ORDERED to file a status update with the Court acknowledging the release of Petitioner with his personal effects.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: October 14, 2026

BY THE COURT:
s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge

---

was initiated under Section 1226. *See Richard M.G. v. Blanche*, No. 26-CV-3727 (NEB/LIB) ECF No. 15 at n.1 (D. Minn. Sept. 21, 2026) (collecting cases).